NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1106-15T3

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

VERNON K. JOHNSON,

 Defendant-Appellant.
______________________________

 Submitted June 6, 2017 – Decided June 26, 2017

 Before Judges Fasciale and Sapp-Peterson.

 On appeal from Superior Court of New Jersey,
 Law Division, Bergen County, Indictment No.
 08-01-0136.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Carolyn V. Bostic, Designated
 Counsel, on the brief).

 Gurbir S. Grewal, Bergen County Prosecutor,
 attorney for respondent (Catherine A. Foddai,
 Senior Assistant Prosecutor, of counsel and
 on the brief).

 Appellant filed a pro se supplemental brief.

PER CURIAM

 Defendant appeals from an August 4, 2015 order denying his

petition for post-conviction relief (PCR). We affirm.
 We adduce the following facts from the evidence presented at

trial. Defendant committed three crimes in a three-day span. The

first crime occurred on September 15, 2007, at about 11:30 a.m.

Defendant entered a National Wholesale Liquidators (Liquidators)

store and spoke to the assistant manager about returning a large

television, which retailed for $499 plus tax. He explained that

he did not have a receipt for it. The assistant manager informed

defendant that refunds were not made without a receipt. Defendant

then told the assistant manager that the receipt was in his car,

and he would go out and get it. Defendant left the store with the

television, and did not return.

 Defendant testified that he purchased a television at

Liquidators on September 14, 2007, with cash. According to

defendant, he was told on September 15, 2007, that he was only

entitled to seventy-five percent store credit without a receipt.

At that point, defendant decided not to return the television, he

left the store and put it in his Saturn. He then sold the

television to a friend.

 The following day, September 16, 2007, defendant robbed a gas

station attendant. The attendant testified that a silver Saturn

vehicle pulled into a BP gas station. The attendant asked

defendant to open the gas cap several times. Defendant exited the

vehicle joking about money, and the attendant repeated his request

 2 A-1106-15T3
for defendant to open the gas cap. Defendant then went back into

the vehicle and retrieved a gun wrapped in a plastic bag, which

he pointed at the attendant. Defendant then told the attendant

"if you shout I kill you. If you shout I kill you. The money, I

need all the money." Defendant went into the attendant's pocket,

took out money, and proceeded to leave. The attendant immediately

called the police, described the incident, gave them a description

of defendant and relayed a partial license plate number.

 On September 17, 2007, at approximately 12:15 p.m., defendant

returned to Liquidators. Defendant attempted to return a large

television, retailed at $699, without a receipt. A worker at the

store called security and a manager to speak with defendant. An

argument ensued and defendant ran out of the building. The manager

provided the license plate number, make, and model of the car to

the police.

 Defendant testified that he returned to Liquidators that day

to obtain a larger television set he had previously wanted, took

the television off a shelf at the store, and put it in his shopping

cart. He testified that he told the store employees he came back

to the store to buy a larger television set because he sold the

other television he tried to return. An argument ensued between

defendant and the employees, and defendant testified that he left

the store because he was upset with the treatment he received.

 3 A-1106-15T3
 The police used the information received from the manager of

Liquidators and traced the Saturn to defendant's girlfriend (the

girlfriend), who rented it from Enterprise Rent-A-Car. The Saturn

was parked in a parking lot at the girlfriend's apartment. The

police knocked on the door, and defendant answered the door. The

police advised defendant that they were investigating a series of

shoplifting incidents that occurred at Liquidators, and defendant

responded that he thought they were there investigating the

incident that took place at the BP gas station where he slapped a

man that took his money. Defendant was placed in custody and

Enterprise Rent-A-Car consented to a search of the Saturn. Police

found a toy gun and a white plastic bag inside the trunk of the

vehicle.

 In January 2008, a grand jury indicted defendant with third-

degree shoplifting, N.J.S.A. 2C:20-11(b)(1) (Count One); first-

degree robbery, N.J.S.A. 2C:15-1 (Count Two); and third-degree

attempted shoplifting, N.J.S.A. 2C:20-11(b)(1) and N.J.S.A. 2C:5-

1 (Count Three).

 In June 2010, after a seven-day trial, a jury convicted

defendant of all the charges. In September 2010, defendant

appeared before the court for sentencing. The court imposed a

four-year prison term on count one, which was consecutive to count

two and concurrent to count three; a fifteen-year prison term

 4 A-1106-15T3
subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2,

with five years of parole supervision on count two; and a four-

year prison term on count three, which was concurrent to count

two.

 Defendant appealed his conviction and challenged various

aspects of his sentence. State v. Johnson, No. A-2934-10 (App.

Div. July 18, 2012) (slip op. at 2). This court affirmed

defendant's robbery and attempted shoplifting convictions, but

reversed the third-degree shoplifting conviction. Ibid. We

explained that defendant could not have been convicted of third-

degree shoplifting because "the full retail value of the television

was below the statutory threshold of $500." Id. at 21. This

court amended the conviction to fourth-degree shoplifting. Id.

at 22. We also remanded for re-sentencing on all counts because

the sentencing court improperly considered aggravating factor

eleven, N.J.S.A. 2C:44-1(a)(11). Id. at 24-25.

 In January 2013, defendant was re-sentenced to an eighteen-

month prison term on count one, consecutive to count two; a twelve-

year prison term subject to the NERA with five years of parole

supervision on count two; and a three-year prison term on count

three, concurrent to count two. In April 2013, defendant appealed

the sentence, and in April 2014, an Excessive Sentence Oral

Argument (ESOA) panel affirmed the re-sentence.

 5 A-1106-15T3
 Defendant filed a verified petition for PCR in December 2014.

The court heard argument on the petition for PCR in August 2015.

The judge rendered an oral opinion and denied defendant's petition

without an evidentiary hearing.

 On appeal, defendant argues:

 POINT I

 THE PCR COURT ABUSED ITS DISCRETION BY DENYING
 AN EVIDENTIARY HEARING WHERE THE DEFENDANT
 ESTABLISHED A PRIMA FACIE CASE OF INEFFECTIVE
 ASSISTANCE OF TRIAL AND APPELLATE COUNSEL.

 A. The Defendant Was Denied the
 Effective Assistance Of Counsel
 When Trial Counsel Failed to Move
 for Severance of the Robbery Charge
 From the Shoplifting Charges
 Pursuant to [Rule] 3:15-2(b).

 B. Trial Counsel Provided
 Ineffective Assistance of Counsel
 By Failing to Move for a Judgment
 of Acquittal After the Verdict
 Pursuant to [Rule] 3:18-2 and/or to
 Set Aside the Verdict as Against the
 Weight of the Evidence Pursuant to
 [Rule] 3:20-1 With Respect to the
 Shoplifting Charges. (Raised in
 Part Below).

 C. The Defendant's Appellate
 Counsel Was Ineffective by Failing
 to Challenge the Denials of the
 Defendant's Motions for Acquittal
 on Direct Appeal. (Not Raised
 Below)[.]

 6 A-1106-15T3
 POINT II

 THE PCR COURT ABUSED ITS DISCRETION BY HOLDING
 THAT THE DEFENDANT'S CLAIMS OF INEFFECTIVE
 ASSISTANCE OF COUNSEL WERE PROCEDURALLY BARRED
 BY [Rule] 3:22-4.

 Defendant raises the following points in his pro se

supplemental brief:

 POINT I

 DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT
 OF DUE PROCESS TO PARTICIPATE IN HIS TRIAL BY
 BEING EXCLUDED FROM THE JURY SELECTION PROCESS
 WHERE THE VOIR DIRE WAS HELD AT SIDEBAR, OUT
 OF DEFENDANT'S PRESENCE.

 POINT II

 DEFENDANT WAS DENIED DUE PROCESS OF A FAIR
 SENTENCING PROCESS BY ERRONEOUS, UNFAVORABLE
 INFORMATION CONTAINED IN THE PRESENTENCE
 REPORT.

 POINT III

 DEFENDANT WAS DENIED HIS RIGHT OF THE
 EFFECTIVE ASSISTANCE OF COUNSEL BY BEING
 EXCLUDED FROM THE JURY SELECTION PROCESS, AND
 BY THE FAILURES TO ADDRESS THE INCORRECT
 INFORMATION CONTAINED IN THE PRESENTENCE
 REPORT. (Not Raised Below).

 We conclude that defendant's arguments are without sufficient

merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

We affirm substantially for the reasons expressed by the judge in

his oral opinion. We add the following remarks.

 7 A-1106-15T3
 A defendant is entitled to an evidentiary hearing only when

he or she "has presented a prima facie [case] in support of [PCR,]"

meaning that "the defendant must demonstrate a reasonable

likelihood that his or her claim will ultimately succeed on the

merits." State v. Marshall, 148 N.J. 89, 158 (first alteration

in original) (quoting State v. Preciose, 129 N.J. 451, 462 (1992)),

cert. denied, 522 U.S. 850, 118 S. Ct. 140, 139 L. Ed. 2d 88

(1997). Defendant fails to demonstrate a reasonable likelihood

of success on the merits, and thus he is not entitled to an

evidentiary hearing.

 For defendant to obtain relief based on ineffective

assistance grounds, he is obliged to show not only the particular

manner in which counsel's performance was deficient, but also that

the deficiency prejudiced his right to a fair trial. Strickland

v. Washington, 466 U.S. 668, 687, l04 S. Ct. 2052, 2064, 80 L. Ed.

2d 674, 693 (1984); accord State v. Fritz, 105 N.J. 42, 58 (1987).

He failed to meet this standard. We agree with the judge's

conclusion that defendant was not denied effective assistance of

counsel when trial counsel did not move to sever his charges, move

for an acquittal pursuant to Rule 3:18-2, or move to set aside the

verdict pursuant to Rule 3:20-1.

 Defendant's claims are also barred under Rule 3:22-4.

Defendant does not meet prong one or three under Rule 3:22-4. He

 8 A-1106-15T3
also fails to meet prong two. "Our courts will find fundamental

injustice when the judicial system has denied a 'defendant with

fair proceedings leading to a just outcome' or when 'inadvertent

errors mistakenly impacted a determination of guilt or otherwise

wrought a miscarriage of justice.'" State v. Nash, 212 N.J. 518,

546 (2013) (quoting State v. Mitchell, 126 N.J. 565, 587 (1992)).

Moreover "[t]o succeed on a fundamental-injustice claim, the

petitioner must make 'some showing' that an error or violation

'played a role in the determination of guilt.'" Ibid. (quoting

Mitchell, supra, 126 N.J. at 587). Here, defendant did not meet

this requirement. He has had two previous opportunities to appeal

both claims and there has been no newly discovered evidence.

 We also agree with the PCR court, that despite the procedural

bar, defendant's severance claim would be barred on the merits.

Rule 3:7-6 provides that

 [t]wo or more offenses may be charged in the
 same indictment or accusation in a separate
 count for each offense if the offenses charged
 are of the same or similar character or are
 based on the same act or transaction or on 2
 or more acts or transactions connected
 together or constituting parts of a common
 scheme or plan.

However, if a defendant "is prejudiced by a permissible or

mandatory joinder of offenses or of defendants in an indictment

or accusation the court may order an election or separate trials

 9 A-1106-15T3
of counts, grant a severance of defendants, or direct other

appropriate relief." R. 3:15-2(b).

 In reviewing whether a trial judge erred by allowing two or

more offenses to be tried simultaneously, we "must assess whether

prejudice is present, and [the court's] judgment is reviewed for

an abuse of discretion." State v. Sterling, 215 N.J. 65, 73

(2013). "The test for assessing prejudice is 'whether, assuming

the charges were tried separately, evidence of the offenses sought

to be severed would be admissible under [N.J.R.E. 404(b)] in the

trial of the remaining charges.'" Ibid. (alteration in original)

(quoting State v. Chenique-Puey, 145 N.J. 334, 341 (1996)).

 Our Supreme Court has set forth the following criteria for

admitting other-crimes evidence under N.J.R.E. 404(b):

 1. The evidence of the other crime must be
 admissible as relevant to a material issue;

 2. It must be similar in kind and reasonably
 close in time to the offense charged;

 3. The evidence of the other crime must be
 clear and convincing; and

 4. The probative value of the evidence must
 not be outweighed by its apparent prejudice.

 [State v. Cofield, 127 N.J. 328, 338 (1992).]

The trial court's analysis under Cofield should only be disturbed

if there is "a 'clear error of judgment.'" State v. Gillispie,

 10 A-1106-15T3
208 N.J. 59, 84 (2011) (quoting State v. Barden, 195 N.J. 375,

390-91 (2008)).

 Here, the other crimes evidence would be admitted under

Cofield, and therefore defendant failed to prove that he was

prejudiced under prong two of Strickland. The other crimes

evidence is relevant to a material issue because it helps prove

defendant's identity. Moreover, defendant used the same vehicle

to commit all three crimes, referenced the robbery while he was

being questioned by police for the store thefts, and committed all

three crimes consecutively. The acts are similar in kind and

reasonably close in time. Furthermore, the evidence of the crimes

was clear and convincing; witness testimony was presented for each

crime at trial. The probative value outweighed the prejudice

because it helped prove defendant's identity in all the cases.

 We also agree with the PCR court that defendant's claims,

that he was denied effective assistance of counsel when trial

counsel did not move for an acquittal pursuant to Rule 3:18-2 or

move to set aside the verdict pursuant to Rule 3:20-1, also fail

on the merits.

 Here, there was sufficient circumstantial evidence for a jury

to find guilt. The State presented testimony from employees at

Liquidators, the victim at the gas station, and police officers

that responded to the thefts. The State also presented other

 11 A-1106-15T3
videos and reports. When viewing the evidence in the light most

favorable to the State, the evidence would be sufficient to convict

defendant. See State v. Reyes, 50 N.J. 454, 459 (1967). It would

also not be a manifest denial of justice to allow the jury verdict

to stand given the evidence. R. 3:20-1. Therefore, defendant

failed to satisfy the second prong of Strickland.

 Affirmed.

 12 A-1106-15T3